Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3031 | **DATE** | 5/3/2012 |
| **CASE TITLE** | Mario Hamilton (#2011-0103044) vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $6.60 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However summons shall not issue. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint and to show cause in writing why any amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies. The Clerk is directed to send Plaintiff an amended complaint form and a copy of this order. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, a pretrial detainee at Cook County Jail has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.60. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

    Plaintiff alleges that Cook County Jail was placed on a lockdown/quarantine from March 16, 2012 through March 20, 2012, due to a number of detainees getting flu-like symptoms. He alleges that doctors took detainees temperatures and asked how they were feeling but they did not pass out any medications or additional sanitation supplies. During the four-day lockdown, detainees were only let out of their cells for 15 minutes for both showers and to place any telephone calls. Plaintiff alleges that he filed a grievance but he has not yet received a response. Plaintiff names "Cook County 'et al'" in the caption of his complaint and identifies Cook County (Department of Corrections)" as the sole Defendant in his listed parties.

    Plaintiff names Cook County Department of Corrections as the sole Defendant. The Cook County Department of Corrections is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304 (7th Cir. 1993).

    In addition, Plaintiff's allegations presently do not state a claim upon which relief can be granted. As a

| STATEMENT |
|---|

pretrial detainee, Plaintiff possesses a substantive due process right to be free from punishment. *See Youngberg v. Romeo*, 457 U.S. 307, 320 (1982); *Bell v. Wolfish*, 441 U.S. 520, 535 (1978). An action against a pretrial detainee constitutes unlawful punishment if it is: (1) motivated by an intent to punish, (2) not reasonably related to a non-punitive purpose such as maintaining security and order, or (3) an exaggerated response to that interest. *Bell*, 441 U.S. at 538; *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). Here, Plaintiff alleges that the jail was placed under lockdown for four days due to an illness in the jail. Such allegations do not support a substantive due process claim. Furthermore, because Plaintiff (as well as all other detainees) were placed on lockdown for managerial purposes, as opposed to punishment for a disciplinary infraction, notice and a hearing were not required. *See Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Thus, Plaintiff's present complaint fails to state a claim. However, Plaintiff will be given an opportunity to amend his complaint, if he can do so consistent with the requirement that he fully exhausted his administrative remedies (see below).

Lastly, Plaintiff specifically alleges that he has not fully exhausted his administrative remedies prior to filing suit. Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

Here, Plaintiff's complaint is signed within weeks of the alleged lockdown and he specifically alleges that he has not fully exhausted his administrative remedies. Accordingly, Plaintiff must show cause in writing why any submitted amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies.

Plaintiff is granted thirty days to submit an amended complaint and to show cause in writing why any amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff's failure to fully comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.