# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3031 | **DATE** | 6/12/2012 |
| **CASE TITLE** | Mario Hamilton (#2011-0103044) vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff amended complaint is dismissed without prejudice for failure to exhaust his administrative remedies prior to filing suit. The case is closed.

■[For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

     Plaintiff, a pretrial detainee at Cook County Jail has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On May 3, 2012, Plaintiff was allowed to proceed *in forma pauperis*; however, his complaint was dismissed for failure to state a claim. Plaintiff was given thirty days to file an amended complaint. Plaintiff was admonished that the allegations in his complaint regarding a lockdown for purposes of controlling the spread of a medical condition at the jail did not state a claim and that it did not appear that he had exhausted his administrative remedies. Plaintiff has submitted an amended complaint re-alleging his claim regarding the lockdown. Plaintiff also includes a copy of the grievance he filed regarding his claim. The amended complaint and attached grievance show that Plaintiff filed suit prior to exhausting his administrative remedies.

     Plaintiff alleges that Cook County Jail was placed on a lockdown/quarantine from March 16, 2012 through March 20, 2012, due to a number of detainees getting flu-like symptoms. He alleges that doctors took detainees temperatures and asked how they were feeling but they did not pass out any medications or additional sanitation supplies. During the four-day lockdown, detainees were only let out of their cells for 15 minutes. The threat of catching the illness caused Plaintiff undue stress.

     Plaintiff's initial complaint was signed by Plaintiff April 1, 2012, and received by the Court on April 24, 2012. Plaintiff alleges, and the grievance attached to the amended complaint shows that Plaintiff filed his grievance prior to filing suit but he did not fully exhaust his administrative remedies prior to filing suit. Plaintiff received the response to his grievance on April 24, 2012, the same day the Court received his complaint. Plaintiff appealed the denial of grievance that same day and that appeal was denied April 27, 2012.

     Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

     A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d

## STATEMENT

1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000). Here, Plaintiff's amended complaint and attached grievance demonstrate that Plaintiff filed suit prior to fully exhausting his administrative remedies.

For the foregoing reasons, Plaintiff's amended complaint is dismissed without prejudice for failure to exhaust his administrative remedies prior to filing suit.